# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENDOHEART AG, <br><br> *Plaintiff*, <br><br> v. <br><br> EDWARDS LIFESCIENCES CORPORATION, <br><br> *Defendant*. | C.A. No. 14-1473 (LPS)(CJB) <br><br> **Jury Trial Demanded** |

## ENDOHEART'S OBJECTION TO REPORT AND RECOMMENDATION

Plaintiff Endoheart AG ("Endoheart") objects to the November 6, 2015, Report and Recommendation ("Recommendation") (D.I. 69) granting proposed intervenor Bringham and Women's Hospital's ("BWH") Motion to Intervene (D.I. 45). Endoheart brings this objection pursuant to 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72, D. DEL. LR 7.1.5(b) and 72.1, and D. DEL. Standing Order dated Oct. 9, 2013, and states as follows:

1. Endoheart objects only to the apparent scope of the intervention granted by the Recommendation. The Recommendation does not squarely address the scope of intervention, which is an essential part of a decision to grant intervention. *See, e.g.*, *Harris v. Pernsley*, 820 F.2d 592, 599 n. 11 (3d Cir. 1987) (quoting the Advisory Committee Note to the 1966 Amendment to FED. R. CIV. P. 24) (intervention of right "may be subject to appropriate conditions or restrictions responsive . . . to the requirements of efficient conduct of the proceedings."); *United States v. City of Detroit*, 712 F.3d 925, 932 (6th Cir. 2013) (limiting intervention as a matter of right is particularly appropriate to prevent an expansion of the scope

of the case as necessary to maintain control). Accordingly, there is good cause now to address the scope of BWH's intervention.

2. Where a court concludes that intervention is appropriate, its inquiry is not necessarily at an end. Rather, to ensure the prompt and efficient adjudication of the litigation, courts may impose restrictions to prevent expansion of the scope of the case by limiting intervention to the claims raised by the original parties in their pleadings. *See, e.g.*, *United States v. City of Detroit*, 712 F.3d 925, 932 (6th Cir. 2013) (limiting intervention as a matter of right is particularly appropriate to prevent an expansion of the scope of case as necessary to keep control of the case); *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 737-38 n. 11 (D.C. Cir. 2003) (intervention as a matter of right may be limited to "***claims raised by the original parties***," subject to a bar to raising "collateral issues") (emphasis added).

3. This action is brought by Endoheart for infringement of Endoheart's U.S. Patent No. 8,182,530 ("the '530 patent) by defendant Edwards Lifesciences Corporation ("Edwards"). The invention claimed by the '530 patent and asserted in this litigation has priority and issued from two patent applications. Those applications are U.S. Provisional Patent Application No. 60/615,009 ("the '009 application") (filed Oct. 2, 2004) and U.S. Non-Provisional Patent Application No. 11/023,783 ("the '783 application") (filed Dec. 28, 2004). *See* '530 patent at cover pg.; and *id.* at col. 1 lns. 6-8.

4. The invention of the '530 patent ***may or may not be the only invention supported*** by the disclosure of the '009 and '783 applications. However, the invention of the '530 patent ***is the only invention asserted*** by Endoheart in the Complaint (D.I. 1, *passim*).

5. Proposed intervenor BWH moved for declaratory judgment of ownership of the '530 patent (D.I. 45), but its Complaint in Intervention and for Declaratory Judgment of Patent

Ownership ("Complaint in Intervention") (D.I. 46 at Ex. 1), if allowed as is, seeks declaratory relief much more broadly – apparently to *any and all inventions found* in the disclosure of the '009 and '783 applications *in addition to* ownership of the '530 patent.  See D.I. 45 at Ex. 1, Prayer for Relief; *see also id.* at ¶¶ 1 and 22-23.  For example, BWH's requests the following relief in its Prayer for Relief:

> Enter judgment in favor of BWH that BWH is the legal and equitable owner of all right, title and interest *in and to any inventions, whether patentable or not patentable*, described in U.S. patent applications Serial Nos. 11/023,783 and 6-/615,009.

D.I. 46 at Ex. 1, Prayer for Relief, ¶ C (emphasis and underlining added).

6. Thus, BWH's Complaint in Intervention might support a vastly expanded litigation scope of inquiry into BWH's alleged ownership of *other inventions also disclosed* in the '009 and '783 applications that were not claimed in the '530 patent but may be the subject of other patent applications and patents.  That is, the '009 and '783 applications might disclose and provide support for patentable inventions A, B, and C.  If the '530 patent only claims invention A, then BHW's intervention should be limited in scope to ownership of invention A, *i.e.*, ownership of the '530 patent itself.  That is the only invention and patent Endoheart asserted in its Complaint against Edwards.  (D.I. 1, *passim*).  BWH should not be permitted to assert in this action a claim of ownership over possible inventions B and C.  To the extent B and C inventions exists, including any and all patent applications and patents claiming those inventions, BHW retains the ability to file a separate civil action for ownership without adding new issues to this case.

7. The inclusion of these collateral ownership issues concerning those other ownership rights, *i.e.*, rights to inventions B and C, would unnecessarily expand the scope of this action, necessitate substantial discovery concerning these additional issues and how they apply

or relate to BWH's intellectual property policies, and significantly lengthen this case schedule, which would inevitably jeopardize the timely and efficient adjudication of the present claims in this action.

8. This action concerns the '530 patent – and only the '530 patent. The Recommendation repeatedly and consistently recognizes this fact. (*See, e.g.*, D.I. 69 at ¶¶ 1-2, 8-9, and 12.) The scope of intervention contemplated by BWH's Complaint in Intervention runs directly counter to BWH's prior representations that "fact discovery will be quite limited" (D.I. 54 at 10) and BHW does not "think it would impact the discovery schedule much at all[]" (D.I. 69 Oct. 30 Tr. at pg 19, lns 3-5), as well as, the finding in the Recommendation that if permitted to intervene, "BWH would not seek large-scale changes to the case schedule[]" (D.I. 69 at pg. 4, ¶ 7, n.4).

9. Therefore, for the reasons herein and previously provided, the scope of BWH's intervention, and by necessity its Complaint in Intervention (D.I. 46 at Ex. 1), should be limited to declaratory relief for ownership of the invention of the '530 patent, but nothing more.

Dated: November 20, 2015

By: /s/ Kenneth L. Dorsney
Kenneth L. Dorsney (#3726)
Albert H. Manwaring, IV (#4339)
Morris James LLP
500 Delaware Ave., Suite 1500
Wilmington, DE 19801-1494
(302) 888-6800
*kdorsney@morrisjames.com*
*amanwaring@morrisjames.com*

4

*Of Counsel*
Mark H. Bloomberg
Zuber Lawler and Del Duca LLP
1325 Avenue of the Americas
28th Floor
New York, New York  10019
(212) 763-8610
*mbloomberg@zuberlaw.com*
*Attorneys for Plaintiff*
*Endoheart AG*

## **CERTIFICATION**

Pursuant to Paragraph 5 of the Court's October 9, 2013, Standing Order for Objections Filed under Fed. R. Civ. P. 72, it is hereby certified that this objection is brought for good cause.

Dated: November 20, 2015     */s/ Kenneth L. Dorsney*
                              Kenneth L. Dorsney (#3726)