IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENDOHEART AG, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 14-1473-LPS |
| EDWARDS LIFESCIENCES CORPORATION, | : |
| Defendant. | : |

## MEMORANDUM ORDER

WHEREAS, Magistrate Judge Burke issued an 8-page Report and Recommendation ("Report") (D.I. 69), dated November 6, 2015, recommending that proposed intervenor Brigham and Women's Hospital's ("BWH") Motion to Intervene ("Motion") (D.I. 45) be granted;

WHEREAS, on November 20, 2015, Plaintiff Endoheart AG ("Plaintiff") objected but "only to the apparent scope of the intervention granted" by the Report ("Objections") (D.I. 78), contending that the Report "does not squarely address the scope of intervention" and, further, that the scope of intervention should "be limited to declaratory relief for ownership of the invention of the [United States Patent No. 8,182,530 ("the '530 patent")], but nothing more" (*id.* at 1, 4);

WHEREAS, on December 4, 2015, BWH responded to the Objections (D.I. 92), arguing that it is entitled to declaratory judgment that it is the owner of the '530 patent, to certain patent applications related to the '530 patent, and to "*inventions* described in the patent applications filed in the name of Dr. Huber, whether or not those inventions are patentable" (*id.* at 1-2);

WHEREAS, the Court has considered Defendant's Motion de novo, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3), and has further reviewed all of the pertinent filings;

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Defendant's Objections are OVERRULED, Judge Burke's Report is ADOPTED, and the Motion (D.I. 45) is GRANTED.

2. As an initial matter, BWH appears to be correct that Plaintiff's challenge to the scope of the intervention is untimely in that it was not presented to Judge Burke in connection with his consideration of the Motion. (*See* D.I. 92 at 2-3) Plaintiff does not attempt to articulate good cause for failing to challenge the scope of the proposed intervention earlier, despite the fact that the scope of the intervention sought by BWH's Motion was clear. (*See* D.I. 46-1 at ¶¶ 22-23) "[W]ith limited (if any) exception, parties objecting to a Magistrate Judge's report or order are required to adhere to the arguments, evidence, and issues they presented first to the Magistrate Judge." *Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp.3d 368, 377 (D. Del. 2014).

3. Judge Burke's Report is clear that he recommends granting the full scope of the intervention sought by BWH. Judge Burke recognized at the outset of his Report that BWH had moved to intervene for declaratory judgment that it is the owner of the '530 patent "***and to certain patent applications*** related to the '530 patent (collectively, 'the inventions')." (D.I. 69 at ¶ 1) (emphasis added) In analyzing whether BWH met its burden to show an ownership interest, Judge Burke referred to "the inventions, ***including*** the '530 patent" and "Dr. Huber's 'Inventions' at issue (***e.g.***, those captured in the '530 patent)." (*Id.* at ¶¶ 8-9) (emphasis added) It is evident from this word choice that Judge Burke understood BWH's Motion to seek judgement regarding ownership of the '530 patent and of related patent applications.

3. Aware of the scope of BWH's Motion, Judge Burke correctly granted it without narrowing the requested scope. As he explained, by demonstrating a possible ownership interest

in the '530 patent, BWH has shown that its interests may be inadequately protected if it is not allowed to intervene in this litigation. (*Id.* ¶ 12) BWH's complaint in intervention claims ownership to the '530 patent based on ownership of U.S. patent applications Serial Nos. 11/023,783 and 60/615,009, to which the '530 patent claims priority. (D.I. 46-1 ¶¶ 22-23) As BWH writes: "The '530 patent, as well as the underlying patent applications and inventions described therein, are the property that is the subject of this action. BWH has intervened to protect its interest in the '530 patent as well as its interest in the underlying patent applications and inventions described therein [i.e., not just the patent's claims], which will be the subject of discovery and trial in this case." (D.I. 92 at 4) The ownership issues BWH seeks to litigate are not "collateral" to the issues put in dispute by Plaintiff's filing of this action.

4. Contrary to Plaintiff's contention, granting in full BWH's Motion to intervene will not "unnecessarily expand the scope of this action, necessitate substantial discovery concerning these additional issues . . ., and significantly lengthen this case schedule." (D.I. 78 ¶ 7) Judge Burke as well as the undersigned Judge will manage this case in a manner that will allow it to proceed in a just and efficient manner, and will hold BWH to its representations in this regard. (*See* D.I. 92 at 5) ("[T]he evaluation of the inventions described in the Huber patent applications will have little or no impact on the proposed schedule or the length of discovery.")

March 31, 2016
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE